[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10440
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2009
THOMAS K. KAHN
CLERK

Agency No. A077-957-486

QING YING CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 13, 2009)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Qing Ying Chen, a citizen of China, petitions for review of a Board of

Immigration Appeals's ("BIA") decision, denying her third motion to reopen her asylum proceedings. Chen's motion to reopen was based on her assertion that country conditions in China have changed because China has begun strongly enforcing its child control policy. Because Chen has two children, she argued that she would be subject to this stronger enforcement of the child control policy if she returned to China.

On petition for review, Chen argues that the BIA failed to give sufficient weight to the documents that she submitted in support of her motion to reopen. Chen concludes that she met her burden of proof, and the BIA should have granted her motion to reopen.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation marks and citation omitted). If the BIA fails to explicitly make an adverse credibility finding, then the petitioner's evidence must be deemed credible on appeal. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

A party may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the

2

motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. §§ 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than ninety days after the final administrative decision. See 8 C.F.R. § 1003.2(c)(2). There is an exception to the ninety-day and one-motion limits, which provides that the limits shall not apply if the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To meet this exception, a movant must show "that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Abdi, 430 F.3d at 1149 (quoting 8 C.F.R. § 1003.2(c)(1)).

We recently addressed, in Li v. U.S. Att'y Gen., 488 F.3d 1371 (11th Cir. 2007), the issue of whether to reopen a case in which a Chinese citizen feared sterilization upon being returned to China. In Li, the petitioner, a native of Lianjiang, Fujian Province, China, and the mother of two American-born children, provided, as a part of a motion to reopen, previously unavailable evidence that Fujian officials had intensified their persecution of parents of two children. Id. at 1373. In support of her motion, the petitioner submitted: (1) her own affidavit reporting second-hand accounts of forced sterilization and abortion in Lianjiang in 2005; (2) her mother's affidavit reporting increased family planning enforcement

3

in Lianjing and the forcible sterilization of three women after each gave birth to a second child; (3) country reports and other State Department documents; (4) Congressional-Executive Commission evidence and congressional testimony; and (5) newspaper articles discussing forced abortions in Shandong Province. Id. at 1372-73. We determined that the petitioner's evidence of a recent campaign of forced sterilization in her home village, consistent with government reports, satisfied the criteria for a motion to reopen. Id. at 1375.

In Zhang v. U.S. Att'y. Gen., case no. 08-15245, man. op. (11th Cir. June 30, 2009), we again considered the issue of whether to reopen a case based on changed country conditions when a Chinese citizen with multiple children feared returning to China. In Zhang, the petitioner submitted: (1) her own affidavit stating that she had two kids and that her mother was forcibly sterilized in China; (2) a document issued by her city's government stating that citizens with two children were subject to mandatory sterilization; and (3) a number of background documents about China's birth control policies. Id. at 3-4. The BIA denied the petitioner's claims by concluding that her statement about her mother's situation was unsubstantiated, and the document from her city's government was unauthenticated. Id. at 5-6. On appeal, we reversed, finding that the BIA failed to give proper consideration to the petitioner's evidence by failing to explain why it did not credit the documents in question in light of the other record evidence. Id.

4

at 8-9.

In support of her motion to reopen, Chen submitted: (1) an affidavit stating that she has two children and describing second-hand reports of China's strengthened enforcement of its child control policies; (2) a letter from her cousin, who resides in Chen's home village of Qunxing in Fujian Province, stating that in 2007 she was forcibly sterilized after having a second child; (3) a 2005 notice from Chen's village government stating that parents with two children will be sterilized; and (4) various background information on China's birth control policies and their increased enforcement in recent years against two-child couples living in villages in Fujian Province. This evidence is similar to the evidence that we considered in Zhang and Li, and, as such, this evidence satisfies the criteria for a successful motion to reopen based on changed country conditions. Accordingly, we grant Chen's petition and vacate and remand this case back to the BIA to reopen Chen's case and to carefully consider all of the evidence that Chen has provided.

**PETITION GRANTED, VACATED AND REMANDED.**